

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Jack Viech
County Attorney
Cameron County
Brownsville, Texas

Dear Sir:

Opinion No. O-3624
Re: While property is being held
by the taxing unit during
the redemption period and
for six months thereafter,
should the said property be
carried upon the current tax
rolls of the various interest-
ed taxing units?

We are in receipt of your letter in which you re-
quest the opinion of this department upon the facts set out
therein as follows:

"1. The delinquent tax liens against real
estate were foreclosed upon under the provisions
of said Article 7345b, all interested taxing
units having joined therein, and when same was
offered for sale under Section 8 of said Article,
there being no bidders for the adjudged value or
the aggregate amount of the judgments against the
property in the suit, whichever is lower, a tax-
ing unit which was a party to the judgment under
the decree of Court bid same in for the use and
benefit of itself and all other taxing units which
were parties to the suit and which were adjudged
in said suit to have tax liens against the prop-
erty, and said property is held by such purchasing
taxing unit for the redemption period and for six
months thereafter. During said redemption period
and for six months thereafter should the said prop-
erty be carried upon the current tax rolls of the
various interested taxing units?

"2. Going a step farther in the above set-
out fact situation, to the expiration of the re-
demption period and six months thereafter, there
being no purchaser for the property involved, the

Honorable Jack Wloch, Page 2

said taxing unit having theretofore purchased the
same for the use and benefit of itself and all
other taxing units which were parties to the suit
and which were adjudged in said suit to have tax-
ing liens against such property, continued in-
definitely with title to said property.  Does
said property continue annually to be carried
upon the current rolls of the various interested
taxing units?"

Section 9 of Article 7345b reads in part as follows:

"If the property be sold to any taxing unit
which is a party to the judgment under decree of
court in said suit, the title to said property
shall be bid in and held by the taxing unit pur-
chasing same for the use and benefit of itself
and all other taxing units which are parties to
the suit and which have been adjudged in said
suits to have tax liens against such property,
pro rata and in proportion to the amount of the
tax liens in favor of said respective taxing
units as established by the judgment in said suit,
and costs and expenses shall not be payable until
sale by such taxing unit so purchasing same, and
such property shall not be sold by the taxing unit
purchasing same for less than the adjudged value
thereof or the amount of the judgments against the
property in said suit, whichever is lower, without
the written consent of all taxing units which in
said judgment have been found to have tax liens
against such property; and when such property is
sold by the taxing unit purchasing same, the pro-
ceeds thereof shall be received by it for account
of itself and all other said taxing units adjudged
in said suit to have a tax lien against such prop-
erty, and after paying all costs and expenses,
shall be distributed among such taxing units pro
rata and in proportion to the amount of their tax
liens against such property as established in said
judgment.  Consent in behalf of the State of Texas
under this Section of this Act may be given by the
County Tax Collector of the county in which the
property is located.

"Provided that if sale has not been made by
such purchasing taxing unit before six months
after the redemption period provided in Section
12 hereof has expired, it shall thereafter be
the duty of the Sheriff upon written request from
any taxing unit who has obtained a judgment in
said suit, to sell said property at public outcry
to the highest bidder for cash at the principal
entrance of the courthouse in the county wherein
the land lies, after giving notice of sale in the
manner now prescribed for sale of real estate
under execution. * * * "

The provision allowing redemption is Section 12 of
Article 7345b, which reads in part as follows:

"In all suits heretofore or hereafter filed
to collect delinquent taxes against property,
judgment in said suit shall provide for issuance
of writ of possession within twenty (20) days
after the period of redemption shall have expired
to the purchaser at foreclosure sale or his as-
signs; but whenever land is sold under judgment
in such suit for taxes, the owner of such property,
or anyone having an interest therein, or their
heirs, assigns or legal representatives, may, with-
in two (2) years from the date of such sale, have
the right to redeem said property on the following
basis, to-wit: * * *."

In order to answer your question as to whether or
not the property sold is to be carried upon the tax rolls
during the period of redemption, it is necessary to see
exactly what rights in the property were acquired by the
purchasing taxing unit at the tax foreclosure sale.

It is a well recognized rule of law in this State
that a purchaser at a tax foreclosure sale takes no title to
the property until the redemption period has expired. The
title of the owner is not extinguished by the foreclosure
sale, but is extinguished only by the expiration of the re-
demption period. This rule was announced in the early case
of Bente vs. Sullivan, 115 S. W. 350, by the Court of Civil
Appeals of Texas, writ of error denied by the Supreme Court.
The Court stated as follows:

Honorable Jack Misch, Page 4

> "It has been universally held that, where the statute confers upon the owner the right to redeem, his title is not extinguished until the time for redemption has expired. The opinion generally entertained upon this subject is very accurately expressed by Judge Cooley in his work on Taxation (2d Ed.) p. 542; 'The purchaser has no title to the land until the time for redemption has expired. He has consequently no constructive possession of the premises, and no more right to go upon and make use of them than any stranger to the title would have. His entry upon the premises would be a trespass upon the possession, actual or constructive, of the owner, who may recover against him for injury committed. Redemption gives no new title. It simply relieves the land from the sale which has been made, and this is true whether the redemption is made before the statutory time has expired or by consent of the purchaser afterwards.'"

To the same effect see the case of McGraw vs. Potts, 27 S. W. (2d) 550.

Under the above case, as well as numerous others, title remains in the owner of the property until the two year period of redemption is up despite the tax foreclosure sale. We believe, therefore, that unquestionably the property should be carried on the current tax rolls and assessed for taxes during the two year period. On the other hand, however, if the property is not redeemed within the two year period, the rights that the purchasing taxing unit acquired at the foreclosure sale blossom into full title.

In opinion No. O-265 this department considered a fact situation where the State had bought certain lands sold under a foreclosure sale for delinquent taxes. The period of redemption had expired and the land was not redeemed. This department was asked to rule on the question of whether a purchaser at a second sale from the State would take the land free of taxes assessed since the purchase by the State at the original foreclosure sale. This department ruled as follows:

"The State, not choosing to waive its deed, as was done in League vs. State, supra, but to stand upon the same, and the State's title thereto having become ripe through expiration of the period of redemption, the lands were not assessable for taxes for years subsequent to the purchase by the State. 61 C. J. 1232, Sec. 1674."

The rule is stated in 61 Corpus Juris 1232 in Section 1674 as follows:

"Where the state or municipality acquires a complete and absolute title by purchase at a tax sale, or by expiration of the time allowed for redemption from such sale, the land is not thereafter assessable for taxes of subsequent years; * * *"

It is the opinion of this department that during the two year redemption period the property should be kept upon the current tax rolls and taxes assessed against such property, in the name of the person who was the true owner, not the taxing unit that purchased it at the tax sale, for it cannot be the true or actual owner until its title has ripened by the expiration of the redemption period, but the person who actually owned the property on January 1st of the year for which the taxes are assessed. In this connection, we direct your attention to the following authorities:

Cranfill Bros. Oil Co. v. State, 54 S. W. (2d) 815, error refused; Gerlach Mercantile Co. v. State, 10 S. W. (2d) 1035, error refused; Texas Vegetable Union et al vs. Zavalla-Dimmitt Counties Water Imp. Dist. No. 1, 57 S. W. (2d) 883, error refused; Arts. 7326 and 7328.1, Vernon's Ann. Civ. Statutes; and 40 Tex. Jur. pp. 104, 255.

It is our further opinion, however, that if the property is not redeemed within the two year period then the lien against the property for taxes so assessed subsequent to the original foreclosure sale is extinguished and the property should not be continued to be assessed upon the current tax rolls of the various taxing units in the suit.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By _____
Billy Goldberg
Assistant

APPROVED JUL 18, 1941

_____
FIRST ASSISTANT
ATTORNEY GENERAL

BG:ej

APPROVED
OPINION
COMMITTEE
BY_____
CHAIRMAN